SILER, Circuit Judge,
dissenting.
I respectfully dissent from the majority opinion in this case for the reasons stated hereafter.
First, there is a valid issue concerning standing on the part of Jeremy Garrett, the plaintiff. As the majority concluded, “a § 1983 claim is ‘entirely personal to the direct victim of the alleged constitutional tort.’ ” Barber v. Overton, 496 F.3d 449, 457 (6th Cir.2007) (quoting Claybrook v. Birchwell, 199 F.3d 350, 357 (6th Cir.2000)). Accordingly, only the victim or her estate’s representative may prosecute a § 1983 claim and “no cause of action may lie under [§ ] 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim’s family members.” Claybrook, 199 F.3d at 357. As the majority correctly observes, Garrett does not declare in the complaint that he is prosecuting this action as the fiduciary of his wife’s estate. Instead, he seeks relief based on injuries that he suffered as a result of her death. Although Garrett might be entitled to the entire estate as the surviving spouse under Ohio law, he is still not the legal representative of the estate, who must be appointed by a court. Nevertheless, because the issue of standing was not raised nor discussed in the district court, I believe that it would be more appropriate to discuss the case on the merits.
Therefore, my second point of disagreement concerns the merits of the dismissal of the complaint by the district court. The dismissal of a complaint by the district court under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) is reviewed de novo. Thomas v. Eby, 481 F.3d 434, 437 (6th Cir.2007).
As a threshold matter, Garrett must allege some state action upon which to ground his § 1983 claim. He argues that the defendants knew his wife was suicidal when they took her into custody. He reasons that by taking her into custody, the defendants assumed the duty to hold her and to provide her with mental health treatment. He takes the position that by releasing her from custody after she had attempted suicide and over the objections of Garrett and other family members, the defendants violated due process.
However, the Due Process Clause does not impose upon the state an affirmative duty to act. DeShaney v. Winnebago County Dep’t of Soc. Servs., 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). Thus, the “State’s failure to protect an *620 individual against private violence” — including violence directed toward one’s self — does not violate due process. Id. at 197, 109 S.Ct. 998. However, we have recognized two exceptions to the DeShaney rule: (1) the “special relationship” exception, and (2) the state-created danger exception. Kallstrom, v. City of Columbus, 136 F.3d 1055, 1066 (6th Cir.1998).
Neither exception applies here. The fact that Mrs. Garrett was released from custody prior to her suicide is fatal to the “special relationship” exception. Id. A suicidal person does not have a constitutional right to remain in custody indefinitely for her own protection. See DeShaney, 489 U.S. at 201, 109 S.Ct. 998 (noting that “the State does not become the guarantor of an individual’s safety by having once offered him shelter”). “Liability under the state-created-danger theory is predicated upon affirmative acts by the state which either create or increase the risk that an individual will be exposed to private acts of violence.” Kallstrom, 136 F.3d at 1066. Garrett claims that the defendants acted affirmatively when they released his wife from custody even though she was suicidal. However, no facts suggest that the defendants made Mrs. Garrett vulnerable to “any danger to which she was not already exposed,” i.e., her own suicidal tendencies. Sargi v. Kent City Bd. of Educ., 70 F.3d 907, 913 (6th Cir.1995). The defendants arguably knew that Mrs. Garrett was potentially suicidal when they released her from custody, but they did not create that risk — it was ever present. See Jones v. Reynolds, 438 F.3d 685, 691 (6th Cir.2006) (stating a “failure to act is not an affirmative act under the state-created-danger theory”). The majority opinion suggests that there may be a constitutional claim under the Eighth Amendment that Mrs. Garrett was not given medical attention while she was in state custody. However, the complaint filed in this case does not make such an allegation. Garrett is not claiming that his cause of action is based upon cruel and unusual punishment to his wife while she was in jail, but that it was cruel and unusual punishment for her to be released on bond. Therefore, I would affirm the district court’s dismissal in this case.